UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWIN NUNEZ                                              CIVIL ACTION

VERSUS                                                   NO. 07-5735

ALLSTATE INSURANCE COMPANY                               SECTION:  C (5)

ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 3). Having considered the record, the memoranda and the law, the Court has determined that it has jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional

1

minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing*, McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983). The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000).

In his petition, the plaintiff "specifically allege that their damages alleged herein do not exceed $75,000 exclusive of interest and costs." [sic]  Petition at ¶ 18. However, this statement is contradicted by the plaintiff's allegations that his home was a total loss as a result of winds from the storm, and that his personal property was totally damaged, ruined or lost by the wind and rain entering the dwelling. Petition at ¶¶ 5-6. The petition states that the his homeowner's policy had coverage limits of $126,166, Petition at ¶ 4, and claims that the loss was caused exclusively by wind damage covered under the policy. Petition at ¶¶ 5-6, 9. Further, the plaintiff seeks recovery for all damage regardless of whether caused by a covered or non-covered peril. Petition ¶¶ 9-17. Thus under the Louisiana Valued Policy Law, La.Rev.Stat. § 22:695

("VPL"), it appears that the plaintiff has a claim for the full amount of that policy.[1] Defendant Allstate Insurance Company ("Allstate") attached an affadavit to its memorandum in response to the Court's order stating that while Allstate has tendered payments (no specific dollar figure is given) to the plaintiff under his policy, more than $75,000 remains under the policy limits. Rec. Doc. 5, Ex. 2. The plaintiff states in his response to the Court's order that as a result of the decision in *Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232 (5th Cir. 2007), it is obvious that the VPL is not applicable to its claims.  It appears to the Court from the face of the petition itself that plaintiffs do, in fact, have such a claim, and that the plaintiffs misconstrue the holding of *Chauvin*.  The court there held that the homeowners were not entitled to the agreed face value of their policy where their homes sustained some damage from a covered peril, but total loss resulted from a non-covered peril.  *Id*.  Here, the plaintiff alleges in his petition that wind and rain are covered losses under his policy, and that the loss was exclusively caused as a result of wind and rain damage.  Thus, this Court finds that it is facially apparent that the claims are likely above the jurisdictional minimum.

In response to the Court's order (Rec. Doc. 6), the plaintiff states that he has agreed to waive any claim for attorney's fees and penalties, and that he will affirmatively renounce the right to accept a judgment in excess of $75,000 exclusive of interest and cost. As noted above, the petition itself contained an allegation that his damages did not exceed $75,000 exclusive of interests and costs.  Again, these assertions seem to be in contradiction with the rest of the

---

[1] The plaintiff indicates in his memorandum that he did not have any flood insurance that must be offset against any recovery under the VPL for present purposes.  *See* Glaser v. State Farm Fire & Casualty Co., 2007 WL 1228794 (E.D.La.).

petition. This Court has consistently ruled that a stipulation contained in a petition compels remand in the *absence* of affirmative proof that the plaintiff's claim exceeds the jurisdictional amount. *See, e.g. Bowers v. State Farm Fire & Casualty Co.*, 2007 WL 1551003 (E.D.La.) Here, however, the defendant accurately points out that it is facially apparent from the petition that the claims are likely above $75,000, and it additionally has set forth facts in controversy (i.e., the affadavit of Allstate's representative, Daniel Murphy, that more than $75,000 remains unpaid under the policy limits) that support a finding of the jurisdictional minimum. Further, the Court notes that the relevant inquiry is whether the jurisdictional amount was in controversy at the time of removal. While the plaintiff's agreement to waive attorney's fees and penalties, and expressed willingness to now renounce the right to accept a judgment in excess of $75,000 would be persuasive in the absence of affirmative proof, the facts at issue from the face of the petition here supply that proof.[2] Again, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon,* 193 F.3d 848.

Thus, based on the record and the law, the Court finds that the defendant has established that it is facially apparent that the claims are likely above the jurisdictional minimum or set forth facts in controversy that support a finding of the jurisdictional minimum, and is satisfied that the jurisdictional minimum was in controversy on the date of removal.

New Orleans, Louisiana, this 8th day of November, 2007.

---

[2] As a result, this Court does not construe the plaintiff's willingness to renounce his right to accept a judgment in excess of $75,000 as an actual renunciation.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE